## Martin Fiscal Court v. Runyan.

(Decided December 9, 1927.)

### Appeal from Martin Circuit Court.

Rewards.—Under Acts 1922, c. 33, section 16 (Ky. St. Supp. 1924, 2554a-16), providing that any "peace officer" making arrest for violation of liquor act shall, on final conviction, receive fee of $5 and section 17 (section 2554a-17), providing that "any person or persons" furnishing information resulting in conviction for violating liquor act shall receive reward of $50, peace officer, expressly required by section 23 (section 2554a-23) to enforce act and made subject to indictment for failing to enforce act after receiving information of its violation, cannot recover $50 reward for furnishing information resulting in conviction for manufacture of liquor.

EARLE CASSADY for appellant.

W. R. McCOY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

During the years 1923, 1924, and 1925 appellee was a deputy sheriff of Martin county under one Fletcher. During those years he claims to have furnished to Fletcher information which resulted in the arrest and conviction of 9 defendants for the illegal manufacture of intoxicating liquors, and in 1926 he presented to the fiscal court of that county a claim for $450, based upon the provisions of section 17 of the Enforcement Act of 1922, c 33, being section 2554a, subsec. 17, in Baldwin's Ky. Statute Service of 1924.

The fiscal court refused to allow the claim for $450, but allowed the applicant $45 under the provisions of subsection 16. From that order the applicant appealed to the circuit court, and filed in that court a statement on appeal disclosing in the statement and an exhibit filed therewith that he relied upon subsection 17 of the act as entitling him to the $450.

In the circuit court the defendant demurred to that statement, which demurrer was overruled, and upon a trial a judgment was entered by that court against the fiscal court for the plaintiff in the sum of $450.

The fiscal court has filed a transcript of the record here and entered a motion for an appeal, and the only question we deem necessary to consider is whether or not appellant's motion for a directed verdict was properly overruled.

Subsection 16 of the Enforcement Act reads:

"Any peace officer making an arrest of any person for violation of this act shall, upon final conviction of defendant, receive a fee of five dollars to be taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the county and paid out of county funds."

Subsection 17 of the Enforcement Act reads:

"Any person or persons furnishing information resulting in the arrest and conviction of any defendant for illegally manufacturing intoxicating liquors shall receive a reward of fifty dollars, to be allowed by the fiscal court of the county and paid out of the county funds."

Subsection 23 of the Enforcement Act reads:

"It shall be the duty of the courts and judges of this commonwealth, and all officers and conservators of the peace, to enforce the provisions of this act. Any sheriff, deputy sheriff, or other peace officer of this commonwealth, failing to enforce any provision of this act after receiving information of a violation thereof, or having knowledge of a violation of this act, and failing to act thereon, shall be subject to indictment for nonfeasance or malfeasance in office, and upon conviction shall be fined not less than one hundred dollars or more than one thousand dollars, and upon conviction the office shall become vacant and the judgment of conviction shall so recite, but such officer shall have the right to appeal to the Court of Appeals."

From an interpretation of these three sections, was it the purpose of the General Assembly that subsection 17, when it used the words "any person or persons," meant to include "peace officers" whose duty it was expressly made by subsection 23 not only to enforce all the provisions of the Enforcement Act, but further providing that any sheriff, deputy sheriff, or other peace officer, who failed to enforce any of its provisions after receiving information of its violation, shall be subject to indictment for nonfeasance or malfeasance and to a fine of from $100 to $1,000 and removal from office, if convicted?

Subsection 16, in providing for the fee of $5 to be paid in certain contingencies by the fiscal court, was by its terms intended as an additional incentive to peace officers to particularly enforce the prohibition enactment, and with that in view provided such additional compensation to a class of persons whose sworn duty it already was to enforce the act. And in the same connection, and in the very next subsection, the General Assembly also had in mind to provide for all other classes of people an incentive in addition to good citizenship, to aid the peace officers in the enforcement of the act; and when they use the words "any person or persons" in subsection 17 immediately after having made the provision for peace officers in subsection 16, they obviously had in mind "any person or persons" not already offered an incentive; in other words, "any person or persons"

other than peace officers for which class the act had already provided.

Then in subsection 23, as if to make sure that peace officers were not to be included among those who might earn the reward fixed in subsection 17, it is expressly provided that it shall be the duty of all officers and conservators of the peace to enforce all the provisions of the act, and expressly provides that any sheriff, deputy sheriff, or other peace officer of the commonwealth failing to enforce any provision of the act "after receiving information of a violation thereof, or having knowledge of a violation," and failing to act thereon, shall be indicted for malfeasance in office, and not only fined from $100 to $1,000, but removed from office when convicted.

In addition to the duty resting upon a peace officer when he takes his oath of office to enforce any and all of the laws of this state, the act specifically places upon such officers the duty, after receiving information of such a violation or having knowledge of it, to act thereon, and provides a severe punishment for his failure to act under those conditions, and this is wholly inconsistent with the conception that he might wait and report that information to some person so that he might earn the reward fixed in subsection 17. On the contrary, the incentive furnished by subsection 16, together with the penalty fixed in subsection 23, were designed to bring about immediate action from him when he receives information, or has such knowledge, rather than take the time to report it to somebody to the end that he might earn the reward provided in subsection 17.

Obviously each of the three quoted sections was designed to bring about a rigid enforcement of the act; subsections 16 and 23 aiming specifically at peace officers, and subsection 17 offering to the public generally, other than peace officers, an incentive to report to such peace officers any information as to the illegal manufacture.

Having this view of the correct interpretation of the act, it becomes wholly unnecessary to consider the question of public policy rasied and so well discussed in the briefs, but, because of our conclusion that a proper interpretation of the act shows that it did not mean to include peace officers among those who might earn the $50 reward provided in subsection 17, the judgment must be and is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.